IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Edward S. Danks, Sr., and Georgianna Danks,<br><br>        Plaintiffs,<br><br>v.<br><br>Ryan Zinke, Secretary of the Department of Interior, United States Department of the Interior, Bureau of Indian Affairs, and the United States of America,<br><br>        Defendants. | Case No. 1:17-cv-115<br><br>**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

    The United States of America, by Christopher C. Myers, United States Attorney for the District of North Dakota, and Melissa Helen Burkland and James Patrick Thomas, Assistant United States Attorneys, on behalf of Ryan Zinke, Secretary of the Department of the Interior, the United States Department of the Interior; Bureau of Indian Affairs, and the United States of America, ("United States") submits this memorandum of law in support of its Motion to Dismiss Plaintiffs' Petition for Declaratory Relief, Temporary Restraining Order, Injunction [sic] Relief, and a Writ of Mandamus ("Petition").

## INTRODUCTION

    Plaintiffs attempt to circumvent their failure to comply with administrative regulations and the resulting procedural default, and only plead the merits of their underlying case. This is flawed, not only in form but also in function, because Plaintiffs fail to identify any viable grounds for jurisdiction in this Court. Even if jurisdiction were

proper, Plaintiffs' procedural failure to exhaust federal administrative remedies precludes this Court from adjudicating the matter, and Plaintiffs' claims should be dismissed.

## BACKGROUND[1]

Plaintiffs are the record title owners of the entire surface estate within Section 20, Township 151 North, Range 94 West, Fifth Principal Meridian, McKenzie County, North Dakota ("Section 20").

On October 29, 2013, the Bureau of Indian Affairs ("BIA") Fort Berthold Agency Superintendent ("FBA Superintendent") approved a Right of Way ("ROW"), FBOG100799, between Plaintiffs and Slawson Exploration Company, Inc. ("Slawson"). See Petition, Doc. 1, at ¶ 4.

On November 13, 2015, the FBA Superintendent entered an Administrative Modification ("Modification") to ROW FBOG100799.  See Doc. 1, at ¶ 16.

By letter dated December 4, 2015, the FBA Superintendent notified Plaintiffs of the Modification.  Id.

---

[1] The factual background of this case was set out by this court in its Order Granting Defendant's Motion to Dismiss in the matter of Edward Danks Sr., and Georgianna Danks, Land Owners v. White Butte Oil Operations, LLC, United States Department of the Interior Bureau of Indian Affairs, and the United States of America, U.S. District Court, DND Civil No. 4:14-cv-155 at Doc. 15.  "[A] court may consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record.'" U.S. ex rel. Kraxberger v. Kansas City Power & Light Co., 756 F.3d 1075, 1083 (8th Cir. 2014) quoting Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n. 3 (8th Cir.2012).  Only key facts are repeated or added here.

By letter dated January 2, 2016, Plaintiffs timely appealed the merits of the Modification to the Great Plains Regional Director ("GPRD"). See Decision of the GRPD dated June 20, 2016, attached hereto as Exhibit A ("Exh. A").[2]

On June 20, 2016, the GPRD issued his Decision on the merits, upholding the FBA Superintendent's Modification. Id. The decision included instructions to the Plaintiffs to appeal this decision to the Interior Board of Indian Appeals ("IBIA") and the proper procedure for doing so. Id., at 10-11.

On November 10, 2016, the IBIA entered its Order Docketing and Dismissing Appeal ("IBIA decision"). See 64 IBIA 20 (11/10/2016) attached hereto as Exhibit B ("Exh. B")[3] The IBIA dismissed Plaintiffs' Appeal on procedural grounds, finding it untimely. Id. Plaintiffs now seek review of the IBIA decision.

**ARGUMENT**

**I.    This Court lacks subject-matter jurisdiction.**

As a threshold matter, this Court must find that jurisdiction is proper. The burden to establish jurisdiction lies with the Plaintiffs. North Dakota ex rel Stenehjem v. United States, --- F. Supp. 3d ---, 2017 WL 2772116, *6 (DND June 26, 2017) citing Spirit Lake Tribe v. North Dakota, 262 F.3d 732, 744 (8th Cir. 2001). If Plaintiffs are

---

[2] District court has authority to consider matters outside pleadings when motion is brought challenging subject matter jurisdiction. Osborn v. United States, 918 F.2d 724 (8th Cir. 1990)

[3] The IBIA docketed and dismissed Plaintiffs' appeal as untimely *sua sponte.* As a result, it never ordered the production, or filing, of an administrative record.

unable to do so, this Court must dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Dismissal is proper where, as here, a facial attack on the complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction. Kaminsky v. Missouri, No. 4:07-cv-1213, 2007 WL 2725821, *2 (E.D. Mo. Sept. 11, 2007) (citing Wheeler v. St. Louis SW Ry. Co., 90 F.3d 327, 329 (8th Cir.1996)).

### a. 28 U.S.C. § 1331 does not confer jurisdiction because Plaintiffs have failed to exhaust their federal administrative remedies.

It is well-settled as a matter of law that a party must exhaust its administrative remedies before filing in federal district court. See, e.g., Reiter v. Cooper, 507 U.S. 258, 268 (1993) (and cases cited therein); see also Calico Trailer Mfg. Co., Inc. v. Insurance Co. of N. Am., 155 F.3d 976, 978 (8th Cir. 1998) quoting Reiter; Peters v. Union Pacific R.R. Co., 80 F.3d 257, 262-263 (8th Cir. 1996) quoting Reiter and United States v. Bisson, 646 F. Supp. 701, 706 (D.S.D. 1986) ("It is fundamental that exhaustion of available administrative remedies is a prerequisite to judicial review."), aff'd, 839 F.2d 418 (8th Cir. 1988).

"Federal district courts have subject matter jurisdiction under 28 U.S.C. § 1331 to review, pursuant to the APA, BIA actions." Crow Creek Sioux Tribe v. BIA, 463 F. Supp. 2d 964, 968, (D.S.D. Nov. 16, 2006) citing Runs After v. United States, 766 F.2d 347, 351 (8th Cir. 1985); see also Chandler v. U.S. Air Force, 272 F.3d 527, 529 (8th Cir. 2001) ("The true basis of the District Court's jurisdiction was 28 U.S.C. § 1331, the general federal-question jurisdiction statute, coupled with the waiver of sovereign immunity found in the Administrative Procedure Act (APA)."). "However, the APA may

4

not be used as an independent grant of subject matter jurisdiction to review agency actions…28 U.S.C. § 1331 confers general jurisdiction on federal courts to review federal agency actions 'subject only to preclusion-of-review statutes.'" Id. quoting Goodface v. Grassrope, 708 F.2d 335, 338 (8th Cir. 1983) citing Califano v. Sanders, 430 U.S. 99, 105, (1977). Accordingly, this Court's inquiry turns on the existence of any "preclusion-of-review statutes" in place that warrant dismissal of this action.

> Under § 10(a) of the APA, "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof." 5 U.S.C. § 702. While § 10(a) provides a general right to judicial review of agency actions under the APA, § 10(c) establishes when such review is available. When an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule, the agency action is "final for the purposes of this section" and therefore "subject to judicial review" under the first sentence.

Id. quoting Darby v. Cisneros, 509 U.S. 137, 146, (1993).

Plaintiffs' jurisdictional claim under 28 U.S.C. § 1331 is subject to preclusion of review statutes. The critical inquiry is whether Plaintiffs have exhausted all administrative remedies proscribed by statute and BIA regulations. In this case, Plaintiffs have failed to exhaust administrative remedies and as a result, judicial review is precluded and jurisdiction is not proper in this Court.

On January 2, 2016, Plaintiffs sought review of decision of the Acting Fort Berthold Agency Superintendent of the BIA with the GPRD. See Exh. A. On June 20, 2016, the GPRD affirmed the Superintendent's decision. Id. In its decision the GPRD detailed the process for seeking review with the IBIA:

5

> Any party who wishes to seek judicial review of this decision must first exhaust administrative remedies. This decision may be appealed directly to the Interior Board of Indian Appeals (IBIA) in accordance with the regulations in 43 CFR §§ 4.310-4.340. The IBIA is located at the following address: U.S. Department of the Interior, Office of Hearings and Appeals, Interior Board of Indian Appeals, 801 North Quincy Street, Suite 300, Arlington, Virginia 22203. If you choose to appeal this decision, your notice of appeal to the IBIA must be signed by you or your clients and must be mailed within 30 days of the date you receive this decision.

Id., at 10.

The Plaintiffs acknowledged they received the Director's decision on July 13, 2016. See Exh. B, at 2. The deadline to file an appeal with the IBIA expired on August 12, 2016. Plaintiffs seemingly ignored the instructions provided by the GPRD and filed an appeal with the Regional Director in Aberdeen, South Dakota. See Doc. 1, at ¶ 20; see also Exh. B., at 2-3. The Plaintiff's appeal to the IBIA was transmitted on October 20, 2016, well after the 30-day deadline had expired. Exh. B, at 2. The IBIA issued its "Order Docketing and Dismissing Appeal" on November 10, 2016. Id. The IBIA found that Plaintiffs' failed to timely file their administrative appeal and dismissed the appeal for lack of jurisdiction. Id., at 3; 43 C.F.R. § 4.332. In so finding, the IBIA affirmed that the GPRD's Decision provided appropriate appeal instructions to the Plaintiffs, including the proper address for the Board. Id.

Plaintiffs' failure to timely file its appeal to the IBIA does not constitute exhaustion of administrative remedies. In Stock West Corp. v. Lujan, 982 F.2d 1389 (9th Cir. 1992), the Court held that a litigant's failure to seek timely relief did not constitute exhaustion of administrative remedies and accordingly the court lacked jurisdiction. Moreover, the Court stated:

> If at the present stage of proceedings we were to permit a challenge to the merits of the agency action, we would be, in the words of the White Mountain court, "in flat contravention of the principles of exhaustion." 840 F.2d at 677. Such a decision would eviscerate administrative appeal requirements enacted pursuant to 5 U.S.C. § 704. Unless we limit the scope of [Plaintiff's] case as it presently stands, any party could obtain judicial review of initial agency actions simply by waiting for the administrative appeal period to run and then filing an action in district court.

Id. at 1394.

Similarly, in Laing v. Ashcroft, the Ninth Circuit found that "exhaustion may not be achieved through a litigant's procedural default of his or her available remedies" and thus held that "the untimely filing of a petition to review a decision by the BIA does not constitute the exhaustion of judicial remedies." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). Here, Plaintiffs' untimely filing is a procedural defect that precludes jurisdiction in this Court, and Plaintiffs' claims should be dismissed.

### b. The Court must dismiss this action because the Declaratory Judgment Act does not confer jurisdiction upon this Court.

In the event this Court entertains Plaintiffs' merits-based Petition in contravention of the principles of administrative law, this Court must still dismiss this matter. While Plaintiffs argue the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, *et. seq.*, provides for jurisdiction in this Court (see Doc. 1, at ¶ 1), they are mistaken. The Declaratory Judgment Act itself does not confer jurisdiction and is not an independent source of subject matter jurisdiction. 10 Federal Procedure, L. Ed. Declaratory Judgments § 23:39 (2007).

The DJA is procedural in nature. It merely creates a procedure for adjudicating existing rights--it does not create any new substantive right for Plaintiffs. Western Cas. & Sur. Co. v. Herman, 405 F.2d 121, 124 (8th Cir. 1968). In other words, the DJA is not an independent ground for subject matter jurisdiction of the Court. As the Supreme Court has noted:

> [T]he operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in federal courts but did not extend their jurisdiction . . . The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked. But the requirements of jurisdiction—the limited subject matters which alone Congress had authorized the District Courts to adjudicate—were not impliedly repealed or modified.

Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-672 (1950) quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937) and citing Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300 (1943); Colegrove v. Green, 328 U.S. 549, 551 (1946).

The Eighth Circuit has also noted, "[i]t is well settled that the declaratory judgment statute is strictly remedial in nature and does not provide a separate basis for subject matter jurisdiction." First Fed. Sav. & Loan Ass'n of Harrison, Ark. v. Anderson, 681 F.2d 528, 533 (8th Cir. 1982) citing Skelly, 339 U.S. at 671-672; Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles Cnty., 977 F.2d 1224, 1227 (8th Cir. 1992) (the DJA "does not provide an independent basis for federal jurisdiction.")

Plaintiffs' reliance on the DJA to confer jurisdiction fails. For this Court to entertain Plaintiffs' request for a declaratory judgment, the Court must first have an

independent ground for subject-matter jurisdiction of Plaintiffs' claim. The DJA does not provide this Court with an independent basis for jurisdiction, and Plaintiffs' claims must be dismissed.

### c. Plaintiffs' reliance on National Farmers Union Ins. Cos. v. Crow Tribes similarly fails to confer jurisdiction upon this Court.

National Farmers Union Ins. Cos. v. Crow Tribe stands for the proposition that tribal court remedies must be exhausted before a federal district court may address whether the exercise of tribal jurisdiction over non-members on the reservation was proper. Nat'l Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 856 (1985). This case does not involve a dispute over the Tribal Court's jurisdiction. Nat'l Farmers Union is inapplicable to this case.

## CONCLUSION

Plaintiffs' attempt to have this court decide the merits of their underlying claim fails because of their own failure to timely appeal to the IBIA, and thereby exhaust administrative remedies, which precludes judicial review. Further, Plaintiffs proffer no other viable grounds for jurisdiction in this Court.

WHEREFORE, the United States respectfully requests this Court grant its Motion to Dismiss for lack of jurisdiction.

Dated:  August 21, 2017

                CHRISTOPHER C. MYERS
                United States Attorney

By:   /s/ Melissa Helen Burkland
       MELISSA HELEN BURKLAND
       Assistant United States Attorney
       Quentin N. Burdick United States Courthouse
       655 First Avenue North - Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       WI Bar Board ID No. 1071443
       Melissa.Burkland@usdoj.gov

       JAMES PATRICK THOMAS
       Assistant United States Attorney
       P.O. Box 699
       Bismarck, ND  58502-0699
       (701) 530-2420
       ND Bar Board ID No. 06014
       James.P.Thomas@usdoj.gov

       Attorneys for United States